OPINION OF THE COURT
Ascher Katz, J.
Plaintiff, a licensed insurance broker, sues for $200 insurance consultation services rendered. Defendant is a dentist. At the trial plaintiff testified to extensive services rendered. He produced numerous records with an analysis of defendant’s policies insuring for disability, residual, hospital income and other benefits. Plaintiff testified that he had recommended a preferred professional plan available from a life insurance company other than the one in effect for defendant.
Defendant’s office manager appeared, testified to certain pertinent events and resisted the claim. She also referred the court and the plaintiff to section 112-a of the Insurance Law, as a complete defense. In effect, the defendant pleaded an affirmative defense. No surprise was claimed by the plaintiff (see CPLR 3018, subd [b]), and even if same were asserted, under small claims proceedings objectives of rendering sub *770 stantial justice in accordance with the rules of substantive law under section 1804 of the Uniform Justice Court Act, at most an adjournment would have been granted.
Section 112-a of the Insurance Law provides in pertinent part as follows: "§ 112-a. Acting as insurance consultant. * * * 7. No person licensed as an insurance agent or broker or as a consultant under this section may receive any fee, commission or thing of value for examining, appraising, reviewing or evaluating any insurance policy, bond, annuity or pension or profit-sharing contract, plan or program or for making recommendations or giving advice with regard to any of the above, unless such compensation is based upon a written memorandum signed by the party to be charged and specifying or clearly defining the amount or extent of such compensation. A copy of every such memorandum or contract shall be retained by the licensee for not less than three years after such services have been fully performed.”
Section 112-a of the Insurance Law appears in article 6 of the Insurance Law regulating agents, brokers and consultants. The section was apparently added to make clear that the business of consulting in insurance is not to be permitted except under licensing restrictions imposed by the State. Subdivisions 1 and 2 of section 112-a make it a misdemeanor for any person to engage in insurance consulting without a license to do so from the Superintendent of Insurance. Subdivision 7 requires a licensed consultant to have a written memorandum signed by the parties to be charged which would specify or clearly define the amount or extent the compensation to be paid. The whole section is obviously meant to protect the consuming public from all licensed brokers as well as unlicensed persons. No penal sanction applies for failing to have a memorandum signed by the party to be charged; subdivision 7 is self-executing in that it is the basis for a complete defense to any action brought to recover for rendering brokerage advice in the absence of a writing signed by the recipient of the services.
The sanction imposed by subdivision 7 is no technicality. To the public an insurance agent may often be viewed as a salesman of insurance policies. Indeed, a consultant under the licensing scheme is entitled to a commission on a policy that he sells. The consumer is entitled to know prior to becoming legally committed for consulting fees of his legal exposure and *771 the memorandum required would alert the consumer to such effect.
The plaintiff failed to produce any memorandum signed by the defendant regarding any compensation. The complaint is dismissed on the merits.